SCHOTT, Chief Judge,
dissenting:
As my colleagues point out R.S. 9:310 mandates retroactivity of an alimony award unless the court finds good cause for a later effective date. I respectfully submit that the delay on the part of Per-ret’s attorneys in bringing this matter to a hearing does not constitute a good cause for not making the payments retroactive.
The basis for alimony pendente lite is the obligation of the spouse with the means to support the other in need. In this case there is no question about Perret’s entitlement to such support and Saacks’ obligation to pay it, and, had Perret’s attorneys gone forward with the hearing a year earlier, she would have gotten some support through this eleven month period. I fail to see why or how Saacks is entitled to avoid or escape his obligation to support Perret during this period absent some evidence as to how he was prejudiced by the delay. He put no such evidence in the record.
In this case the trial court provided Saacks with a windfall because of the tactics pursued by Perret’s attorneys. Even though he owed the support and put on no evidence as to why he should not have been paying it since January 1990, he escapes his obligation because Perret’s attorneys failed to bring on the matter for a hearing at an earlier date. This is not a showing of good cause. Neither logic nor equity support the result.